# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1155

_____

| | | |
|---|---|---|
| Kelvin Ray Love, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Patrick McCown, | * | Appeal from the United States |
| | * | District Court for the |
| Defendant, | * | Eastern District of Arkansas. |
| | * | [UNPUBLISHED] |
| Marvin Evans, Warden, East Arkansas | * | |
| Regional Unit, ADC; Ray Hobbs, | * | |
| Deputy Director, Arkansas Department | * | |
| of Correction; Gary Cox, Senior | * | |
| Chaplain, East Arkansas Regional Unit, | * | |
| ADC; Don Yancey, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: June 6, 2002

Filed: July 8, 2002

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arkansas Department of Correction (ADC) employees appeal the district court's[1] imposition of preliminary injunctive relief in Arkansas inmate Kelvin Ray Love's 42 U.S.C. § 1983 action. Having carefully reviewed the record, we affirm the district court.

By amended complaint, Love sought an injunction directing defendants to provide him with a kosher diet. The district court concluded, following a bench trial, that Love was entitled to relief under the Religious Land Use and Institutionalized Person Act of 2000, 42 U.S.C. § 2000cc et seq., and the First Amendment. The court ordered the parties to "confer, negotiate in good-faith and report back to the Court" on a proposal consistent with the court's opinion.

The parties subsequently reported that they had failed to reach an agreement. Defendants' kosher-meal plan involved food items processed through the prison kitchen, while Love sought prepackaged items, fearing that the food prepared in defendants' non-kosher kitchen could easily become non-kosher. Noting that it lacked sufficient information to fashion a remedy, the court ordered ADC to come forward with detailed information on its food resources and its efforts to find kosher food. The court further ordered ADC to supply Love, in the interim, with various kosher food items and weekly deposits of $15 in his prison account to be used only to buy kosher food from the commissary at cost.

Defendants appeal that portion of the district court's order requiring the deposit of cash payments, arguing that the Eleventh Amendment bars such relief. Defendants rely heavily on Campbell v. Arkansas Dep't of Corr., 155 F.3d 950, 962 (8th Cir. 1998), in which a prison warden brought a section 1983 action against prison

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

officials, claiming that his demotion violated his free speech rights. The district court agreed and ordered that the warden be reinstated or awarded $74,000 in front pay. We reversed on Eleventh Amendment grounds because the front pay would necessarily be "paid from public funds in the state treasury." See id. (quoting another source).

Campbell is distinguishable from this case. In Campbell, the demoted warden's front pay was intended to compensate him for a static, past constitutional violation--his demotion. Here, the district court's remedy targets a continuing constitutional violation; it does not seek to make Love whole based on a past wrong. Thus we view the instant remedy as providing only prospective relief. See Edelman v. Jordan, 415 U.S. 651, 667-68, 677-78 (1974) (federal judiciary, consistent with Eleventh Amendment, may grant prospective injunctive relief against states, as distinguished from prohibited retroactive awards requiring payment of funds from state treasury; injunction may affect state treasury without violating Eleventh Amendment if fiscal consequences are "the necessary result of compliance with decrees which by their terms were prospective in nature"); Green v. Mansour, 474 U.S. 64, 71 (1985) (injunctive relief is not prospective if there is no "continuing violation" of federal law); Little Rock Sch. Dist. v. Pulaski County Special Sch., 778 F.2d 404, 434-36 (8th Cir. 1985) (en banc) (directing district court to modify remedy so state would fund cost of transporting students opting for inter-district transfers, pay benefits to sending and receiving schools for inter-district transfers, and pay customary aid to pupils attending any magnet schools established). See also Papasan v. Allain, 478 U.S. 265, 278-79 (1986); Antrican v. Odom, 290 F.3d 178, 185-86 (4th Cir. 2002).

Because we believe that the challenged preliminary relief is neither jurisdictionally barred, nor an abuse of discretion under the multi-factor considerations laid out in Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the order granting preliminary injunctive relief is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.